Ortiz Camión, Juez Ponente
*1319 TEXTO COMPLETO DE LA SENTENCIA
Esta apelación fue referida al Tribunal de Circuito de Apelaciones para su trámite y resolución en virtud de lo dispuesto por la Sección 9.004(b) de la Ley de la Judicatura de 1994.
En el caso de autos, el entonces Tribunal de Distrito, Sala de Carolina, dictó Sentencia en la cual se le ordena a la demandada-apelante, Administración de Compensaciones por Accidentes de Automóviles, en adelante "ACAA", el pago de la suma de $1,061.60, en concepto de prima de un seguro contra fuego, vandalismo y terremoto, según lo dispuesto por el Artículo XII Sección 12.04 del contrato de arrendamiento que suscribió con la demandante apelada Carolina Shopping Court, Inc.
En su apelación, la ACAA plantea que el entonces Tribunal de Distrito erró: 1) al aceptar un memorándum presentado por la apelada, después que el caso estaba sometido y no permitir que el apelante replicara al mismo a pesar de así habérsele solicitado; y (2) al emitir una sentencia sobre una controversia distinta a la que se sometió a su consideración y contraria a la ley y la jurisprudencia vigente. Además, la ACAA señala que el tribunal a quo erró al no decretar la nulidad del Artículo XII, Sección 12.04 del contrato suscrito entre las partes por estar en conflicto con lo dispuesto en los Artículos 11.050 y 11.060 del Código de Seguros de Puerto Rico, 31 L.P.R.A. sees. 1105 y 1106.
Antes de atender estos señalamientos conviene hacer una breve relación de los antecedentes procesales del caso.
I
El 25 de febrero de 1991, Carolina Shopping Court, Inc. presentó una demanda contra la ACAA donde alega que el 26 de octubre de 1987 las partes pactaron un contrato de arrendamiento en el idioma inglés, en cuyo Artículo XII, Sección 12.04, titulada "Fire and Extended Coverage Insurance”, la ACAA se obliga a obtener y pagar una póliza asegurando el inmueble a beneficio del Arrendatario, el Arrendador y cualquier otra parte con interés asegurable que designe el Arrendador. Textualmente el Artículo XII, Sección 12.04 establece lo siguiente:

"(a) Tenant shall carry fire insurance with standard extended coverage endorsement (including vandalism and malicious mischief) and earthquake insurance with respect to the Premises. The amount of fire insurance shall not be less than $500,000.00 of the sound insurable value of the Premises. Insurance shall be carried with solvent and responsible companies authorized to do business in Puerto Rico. Sound insurable value is defined as actual replacement value. Proceeds of the insurance policies shall be held as a trust fund by Tenant or by the holder of any mortgage which (sic) may encumber the Shopping Center for the restoration and rebuilding of the Premises pursuant to Section 12.02.

(b) Within a reasonable time after the Commencement Data, Tenant shall deposit with Landlord a certification evidencing the insurance. The certificate shall name Tenant, Landlord and any party designated by Landlord as insureds as their interest may appear, and shall provide in effect that the 
*1320
related insurance policy shall not be cancelled by the insurer unless it gives Tenant and Landlord at least ten day's notice of cancellation."

Por otra parte, en el Artículo XVI Sección 16.02(b) las partes acordaron lo siguiente:

"Landlord at anytime and without notice may, but shall not be obligated to, cure Tenant's Default for the account and at the expense of Tenant, including without limitation, reasonable attorney's fees.."

En la demanda se le reclama a la ACAA que cumpla con lo pactado y reembolse a Carolina Shopping Court Inc. la suma de dinero pagada por concepto de prima de seguros para el local arrendado.
En su contestación a la demanda, la ACAA aceptó que adeuda la prima de seguro de mayo de 1989 al 29 de enero de 1990, pero negó que adeudara el remanente y negó la exigibilidad de lo reclamado en la demanda.
El 25 de marzo de 1992 durante la vista del juicio las partes informaron que no tenían controversia sobre los hechos por lo que el Tribunal les concedió 30 días para que sometieran una estipulación sobre los hechos y argumentaran la cuestión de derecho en controversia. A fines de abril de 1992, ambas partes sometieron sus respectivos memorandos de derecho. Un tiempo después, el 6. de julio de 1992, Carolina Shopping Court, Inc. presentó un segundo memorial explicativo al que se opuso la ACAA planteando que era improcedente por estar el caso sometido, y argumentando que el mismo no añadía nada al caso.
Con estos planteamientos ante sí, el tribunal a quo dictó sentencia el 2 de octubre de 1992, notificando el archivo en autos de copias de su notificación, el 8 de octubre de 1992. El 16 de octubre de 1992, la ACAA presentó moción para que se hicieran determinaciones de hechos adicionales, y el Tribunal dictó sentencia enmendada el 30 de diciembre de 1992, archivándose en autos copia de su notificación, el 8 de enero de 1993. Esta última es la sentencia objeto de apelación.
II
-a-
La ACAA señala que el tribunal a quo actuó incorrectamente al permitir la presentación de un memorial explicativo luego de estar sometido el caso para adjudicación y al no permitirle oponerse a dicho memorial.
En los autos, no existe resolución alguna del tribunal apelado donde se impida a la ACAA oponerse a dicho memorial. Simplemente se trata de que Carolina Shopping Court, Inc. presentó un escrito mientras el caso estaba sometido, contra el cual la ACAA presentó objeción a su presentación y contestó sosteniendo que no añadía nada adicional a los argumentos ya presentados. El Tribunal recibió estos escritos sin disponer sobre los mismos.
No creemos que este planteamiento merezca mayor atención. A quien le corresponde conducir la presentación de escritos con argumentos para su consideración es al tribunal a quo. A este Tribunal no le corresponde revisar tal criterio. Eso está sujeto a la más amplia discreción del tribunal de instancia.
-b-
E1 segundo señalamiento de la ACAA se reduce a plantear que el Artículo XII Sección 12.04 del contrato de arrendamiento suscrito entre las partes es nulo por ser contrario a los Artículos 11.050 y 11.060 del Código de Seguros, 26 L.P.R.A. sees. 1105 y 1106, en los cuales se dispone lo siguiente:

"§ 1105. Interés asegurable, propiedad e intereses

(1) ningún contrato de aseguro sobre propiedad o interés en el mismo o que surja del mismo será exigible legalmente en cuanto al seguro, excepto para beneficio de personas que tuvieren interés asegurable en la cosa asegurada.

*1321
(2) "Interés asegurable", según se usa en esa sección, significa cualquier interés económico real, legítimo y sustancial en la seguridad o conservación del objeto del seguro libre de pérdida, destrucción, deterioro o perjuicio pecuniario.

(3) La medida de un interés asegurable en propiedad es el grado en que el asegurado pueda resultar damnificado por pérdidas, destrucción o deterioro de la misma.

§ 1106. Interés del Asegurado

Cuando en la póliza se especifica el nombre de la persona que va a asegurarse, tal seguro sólo puede aplicarse hasta el grado de su propio interés correspondiente. Esta sección no se aplicará a seguros de vida, de incapacidad o de títulos de propiedad."

De acuerdo al Artículo 1436 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 4031, el arrendador se obliga a ceder el uso de la cosa. Asimismo, de acuerdo al Artículo 1444(3), 31 L.P.R.A. see. 4051 (3), el arrendador se obliga a mantener al arrendatario en el goce pacífieo del arrendamiento por todo el tiempo del contrato y el arrendatario adquiere la posesión del inmueble arrendado, por un tiempo determinado con el derecho a usarlo a tono con su interés.
Además, del Artículo III, Sección 3.05 y Artículo XII, Sección 12.02 del contrato suscrito entre las partes surge que la ACAA puede hacer mejoras permanentes al inmueble, y que en caso de que el inmueble arrendado sufra daños cubiertos por la póliza de seguro de propiedad, la ACAA podría optar por continuar el arrendamiento y restaurar el inmueble para hacerlo apto para el uso para el cual fue arrendado y así disfrutarlo durante el término de duración del arrendamiento.
Asimismo el Artículo XII, Sección 12.04(b) del contrato dispone:

"(b)... The certificate shall name Tenant, Landlord and any party designated by landlord as insureds as their interest may appear...."

De la lectura conjunta de los Artículos 11.050 y 11.060 del Código de Seguros surge que:
"La medida de un interés asegurable es el grado en que el asegurado pueda resultar damnificado. Tal seguro sólo puede aplicarse hasta el grado de su propio interés correspondiente."
Contrario a lo que plantea el apelante, este Tribunal considera que el Artículo XII, Sección 12.04 del contrato suscrito entre las partes es compatible con lo dispuesto por el Código de Seguros de Puerto Rico. Es evidente que un arrendatario tiene interés asegurable en la conservación de la cosa arrendada. Máxime cuando el contrato provee para que el arrendatario le haga mejoras a la propiedad arrendada para así facilitar su uso y disfrute, y le impone la obligación de restaurar la propiedad en caso de que ésta sufra daños durante la duración del arrendamiento.
Este asunto ha sido objeto de examen por el conocido comentarista Couch en su tratado sobre seguros donde se señala:
"Generally speaking, a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction. If he would sustain such loss, it is immaterial whether he has, or has not, any title in, or lien upon, or possession of, the property itself. Any right which may be enforced against the property, and which is so connected with it that its injury or destruction will cause loss, is an insurable interest therein. Any interest in property, legal or equitable, qualified, conditional, contingent, or absolute, or merely the right to use the property, with or without the payment of rent is sufficient". (Citas omitidas). 3 Couch on Insurance 2d, §24:13 (1984).
Asimismo, Couch añade lo siguiente:
"The lessee has an insurable interest in the property leased, especially where he has covenanted to *1322 return it in good order at the end of the term, or has orally agreed to keep the premises insured,.... A tenant has an insurable interest in a leasehold interest in a building, in buildings or other improvements made at his own expense and in glass which he has covenated to replace if broken during the term of his lease.... "Ibid. págs. 108-9 (Citas omitidas)
Por otra parte, el Artículo 11.050 del Código de Seguros sólo exige que el beneficiario del seguro tenga un interés en la propiedad. Ni ese artículo, ni ningún otro artículo del Código de Seguros prohíbe el pago de una póliza de seguro de propiedad en beneficio de un tercero con interés asegurable. Tampoco se exige que el beneficiario sea quien efectúe el pago del seguro. El Código de Seguros deja ese aspecto a la libertad de contratación según regulada por el Código Civil de Puerto Rico.
Por los fundamentos anteriormente expuestos se confirma la sentencia dictada por el entonces Tribunal de Distrito, Sala de Carolina.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General